IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHERISE FUNDERBURK,

    Plaintiff,

v.

FANNIE MAE, *a/k/a Federal National Mortgage Association* and BANK OF AMERICA,

    Defendants.

CIVIL CASE NO.

1:13-cv-01362-JEC

### ORDER & OPINION

This case is before the Court on defendants' Motion to Dismiss [11]. The Court has reviewed the record and the arguments of the parties and, for the reasons that follow, concludes that defendants' Motion to Dismiss [11] should be **GRANTED IN PART AND DENIED IN PART.**

### BACKGROUND

This case arises out of an allegedly wrongful foreclosure. On May 8, 2002, plaintiff Cherise Funderburk executed a promissory note in favor of America's Wholesale Lender[1] in order to purchase real property identified as 2173 Cumberland Drive SE, Smyrna, GA 30080 (the "note"). (Am. Compl. [8] at ¶ 5.) The note was secured by a security deed that plaintiff granted in favor of Mortgage Electronic

---

[1] As discussed *infra*, America's Wholesale Lender is the trade name of Countrywide Home Loans, Inc. (Br. in Support of Mot. to Dismiss [11] at 2 n.2.)

Registration Systems, Inc. ("MERS") as nominee for America's Wholesale Lender, under which plaintiff pledged as collateral the Cumberland Drive property (together with the note, the "loan documents"). (*Id.* at ¶ 5; Mot. to Dismiss [11] at Ex. A, at 2-4.)[2]

On April 29, 2009, MERS assigned the security deed executed by plaintiff to BAC Home Loans Servicing, LP ("BAC"). (Mot. to Dismiss [11] at Ex. B.)  At some point, plaintiff defaulted on her loan. Then, on May 1, 2012, BAC published and mailed plaintiff notice of non-judicial foreclosure proceedings to be conducted on June 6, 2012. (Am. Compl. [8] at ¶ 18.)  BAC conducted a foreclosure sale on that date, at which Bank of America, N.A. ("Bank of America") took title to the Cumberland Drive property by deed under power. (*Id.* at ¶¶ 20, 22; Notice of Removal [1] at Ex. B.)  Soon thereafter, Bank of America conveyed the property to Fannie Mae. (Am. Compl. [8] at ¶ 22.)

Plaintiff filed a complaint against defendants in the Superior Court of Cobb County, Georgia on March 22, 2013, alleging counts of wrongful foreclosure, predatory lending, an acceleration notice

---

[2] The Court may take judicial notice of public records not attached to the complaint, including in this case the note, security deed, and assignment contract, when considering a motion to dismiss. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999). This does not convert the motion into one for summary judgment. *Universal Express, Inc. v. Sec. & Exch. Comm'n*, 177 Fed. App'x 52, 53 (11th Cir. 2006).

2

violation, unjust enrichment, fraud, and civil conspiracy. (Notice of Removal [1] at Ex. A, ¶¶ 17-67.) Defendants removed plaintiff's suit to this Court on April 25, 2013 on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1446. (*Id.* at ¶¶ 9-17.) Defendants then moved to dismiss plaintiff's complaint, a motion the Court denied as moot after plaintiff filed an amended complaint on July 8, 2013. (Mot. to Dismiss [4]; Am. Compl. [8]; Order [9].)

Plaintiff's amended complaint asserts claims for wrongful foreclosure, two counts of fraud, and violations of the Truth in Lending Act ("TILA") and Regulation Z. (Am. Compl. [8] at ¶¶ 4-63); 15 U.S.C. §§ 1601 *et seq.*; 12 C.F.R. §§ 226.1 *et seq.* Defendants filed a motion to dismiss plaintiff's amended complaint on August 21, 2013, to which the Court now turns. (Mot. to Dismiss [11].)

## DISCUSSION

### I. JURISDICTION

Defendants removed plaintiff's action to this Court on the basis of diversity jurisdiction. (Notice of Removal [1] at ¶¶ 9-17); 28 U.S.C. §§ 1332, 1446. Complete diversity exists here, as plaintiff is a citizen of Georgia, Fannie Mae is a citizen of the District of Columbia, and Bank of America is a citizen of North Carolina. (Am. Compl. [8] at ¶¶ 1-2; Notice of Removal [1] at ¶¶ 11-12.)

With respect to the amount in controversy, the complaint that defendants removed did not identify a sum certain that plaintiff

sought to recover. (*See* Notice of Removal [1] at ¶¶ 14-17.)  In such a circumstance, the Court looks to the notice of removal to determine the amount in controversy. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  The notice of removal here indicates that the note plaintiff executed in favor of America's Wholesale Lender was for the principal sum of $227,500.00, and Bank of America paid $214,261.87 for the Cumberland Drive property at the foreclosure sale. (Notice of Removal [1] at ¶ 14, Ex. B; Mot. to Dismiss [4] at Ex. B; Mot. to Dismiss [11] at Ex. A, at 3.)  Thus, the amount in controversy in plaintiff's suit meets the $75,000 threshold and the Court may properly exercise subject matter jurisdiction.  28 U.S.C. § 1332; *see Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *Foster v. Bank of Am., N.A.*, Civil Action No. 1:12-CV-04372-RWS, 2013 WL 1963810, *2 (N.D. Ga. May 9, 2013)(Story, J.); and *Reynolds v. JPMorgan Chase Bank N.A.*, Civil Action No. 5:11-CV-311 (MTT), 2011 WL 5835925, *2 (M.D. Ga. Nov. 21, 2011)(Treadwell, J.) ("First, the security deed meets the amount-in-controversy requirement.").

## II. DEFENDANTS' MOTION TO DISMISS

### A. Standard For A Motion To Dismiss

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v.*

4

*Scott*, 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

    **B.**    **Plaintiff Fails To Sufficiently Allege A Plausible Claim Of Wrongful Foreclosure**

Plaintiff's first cause of action is for wrongful foreclosure. At the outset, the Court notes that plaintiff makes certain arguments which can be rejected out of hand. First, no matter its merit, plaintiff is unable to receive equitable relief for her wrongful foreclosure claim because she has not alleged that she paid or tendered the amount outstanding on her loan or otherwise cured her default. (Am. Compl. [8] at 9, 14, 17; Resp. [12] at 21-22); *Hill v. Filsoof*, 274 Ga. App. 474, 475-76 (2005); *Taylor, Bean & Whitaker*

5

*Mortg. Corp. v. Brown*, 276 Ga. 848, 849-51 (2003).

Second, in her response plaintiff argues that, when a foreclosing entity that does not possess the ability to discharge her debt, it "create[s] a degree of uncertainty as to [her] remaining liability" for which she is entitled to relief. (Resp. [12] at 12-14.) This argument fails in light of *You v. JP Morgan Chase Bank, N.A.*, wherein the Supreme Court of Georgia definitively held that an entity need not hold both the note and security deed or otherwise possess a beneficial interest in the debt to be able to pursue foreclosure proceedings. 293 Ga. 67, 74 (2013).

Finally, on a related note, plaintiff claims that sections of the Georgia code dictate that when one of a note or security deed are transferred, the other instrument is necessarily transferred with it. (Resp. [12] at 18-19 (citing O.C.G.A. §§ 10-3-1, 44-14-326, 44-14-64(b).) Plaintiff argues that, by failing to mention the note she executed in favor of America's Wholesale Lending, the security deed she granted to MERS also transferred to it the note evidencing her indebtedness. (*Id.* at 19.) Notwithstanding that the security deed *does* explicitly mention the note plaintiff executed in favor of America's Wholesale Lender, plaintiff's position is an incorrect interpretation of Georgia law, which permits splitting a note and security deed and which grants the holder of a security deed an equitable interest in the note, but not the note itself. (Mot. to

6

Dismiss [11] at Ex. A, at 3); *see You*, 293 Ga. at 69-74 and *Larose v. Bank of Am., N.A.*, 321 Ga. App. 465, 466-67 (2013).

The other allegations plaintiff makes in support of her wrongful foreclosure count, though requiring more analysis, also fail to plausibly state a claim for relief. The heart of plaintiff's wrongful foreclosure count is her argument that the assignment of the security deed from MERS to BAC was void, an affirmative misrepresentation of facts, a forgery, "a nullity[,] and ineffective in conveying any interest in the property to [BAC]." (Am. Compl. [8] at ¶¶ 15-17; Resp. [12] at 5-11.) But under Georgia law, plaintiff does not have standing to challenge the assignment. Indeed, courts in Georgia have "repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1343-44 (N.D. Ga. 2013)(quoting *Peterson v. Merscorp Holdings, Inc.*, Civil Action No. 1:12-cv-00014-JEC, 2012 WL 3961211, *10 (N.D. Ga. Sept. 10, 2012)(Carnes, C.J.) and collecting cases).

Plaintiff argues that she is not challenging the *assignment*, but is rather challenging BAC's *ability to conduct foreclosure proceedings*, as it "did not possess any rights or authority under either her Promissory Note or Security Deed . . . because it received its Assignment from an entity which did not own or have any rights

7

under the Instruments." (Resp. [12] at 6.) Further, plaintiff states that she "is not claiming that the purported Assignment . . . was somehow technically deficient or flawed as a matter of law and thus voidable or even void. She is contending that it never took place as a matter of fact; that it is a nullity without legal force." (*Id.* at 7.)

This position is founded almost entirely upon the theory that MERS derived its authority to assign the security deed from America's Wholesale Lending, which, plaintiff claims, became a "defunct company" in 2008. When America's Wholesale Lending ceased to exist, the argument goes, so did all of MERS's authority to transfer the deed. (Am. Compl. [8] at ¶¶ 12-15; Resp. [12] at 6-10.) But plaintiff cites no authority for this claim, nor can the Court find any. *See Handfield v. Wells Fargo Bank, N.A.*, Civil Action No. 1:12-CV-01080-RWS-LTW, 2013 WL 1501942, *5-6 (N.D. Ga. Jan. 23, 2013) (Walker, Mag. J.), *adopted* 2013 WL 1501940 (N.D. Ga. Mar. 6, 2013)(Story, J.).[3]

---

[3] *See also, e.g.*, *Davis v. Countrywide Home Loans, Inc.*, ___ F. Supp. 2d ___, Civil Action No. H-13-623, 2014 WL 838146, *3 n.5 (N.D. Tex. Mar. 3, 2014)(Miller, J.) and *Ghuman v. Wells Fargo Bank, N.A.*, No. 1:12-CV-00902-AWI-BAM, 2013 WL 552097, *6 (E.D. Cal. Feb. 13, 2013)(Ishii, J.); *but see Joy v. MERSCORP, Inc.*, 935 F. Supp. 2d 848, 857-59 (E.D.N.C. 2013)(finding that allegations of assignment from defunct company stated claim under Fair Debt Collection Practices Act, not because of the alleged invalidity of the assignment, but because of the alleged misrepresentations made about the foreclosure notice).

8

The argument that plaintiff is attacking the ability of MERS to assign the loan documents without actually attacking the assignment itself is a difference in form but not substance, and cannot save her claim. Plaintiff is not an intended beneficiary of the assignment from MERS to BAC, nor does she claim to be. Accordingly, plaintiff lacks standing to challenge that assignment contract. *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346 (2013).

Next, plaintiff offers the argument that MERS was technically a trustee for America's Wholesale Lender since it held legal title for it under the security deed. Plaintiff claims that this was improper, as MERS is not an entity capable of acting as a fiduciary under O.C.G.A. § 7-1-242(a). (Am. Compl. [8] at ¶ 11; Resp. [12] at 14-17.) This argument has been tried and rejected by Georgia courts before, and plaintiff does not proffer any reason for holding differently in the present case. *See Carr v. U.S. Bank, N.A.*, Civil Action No. 1:11-CV-02781-RLV, at Order [Dkt. No. 27] at 8-9 (N.D. Ga. Apr. 20, 2012)(Vining, J.) and *Metellus v. Bank of Am., N.A.*, Civil Action File No. 1:12-CV-01947-CC-GGB, 2012 WL 7763041, *3 (N.D. Ga.

---

In any case, this discussion is theoretical, as the reference to "America's Wholesale Lender" in the note refers to the trade name of Countrywide Home Loans, which did not go defunct but rather operates as a subsidiary of Bank of America after being acquired in 2008, and not the independent corporation of the same name, which does appear to have ceased operations. *See Countrywide Home Loans, Inc. v. Am.'s Wholesale Lender, Inc.*, No. SACV 12-00242-CJC (ANx), 2014 WL 545841 (C.D. Cal. Feb. 7, 2014)(Carney, J.).

9

Nov. 2, 2012)(Brill, Mag. J.)(collecting cases), *adopted* 2013 WL 1129399 (N.D. Ga. Mar. 19, 2013)(Cooper, J.).

Plaintiff finally claims that defendants did not conduct the foreclosure sale in good faith as Georgia law requires, but rather did so unfairly, in bad faith, and with deceptive and fraudulent practices. (Am. Compl. [8] at ¶¶ 24-28.) Lacking any detail of specific wrongful conduct, these allegations too fail to establish a plausible wrongful foreclosure claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570 (a claim is plausible when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")).

It is clear from the face of the security deed that MERS possessed the authority to assign the deed to another entity, which it permissibly did when it made the assignment to BAC. (Mot. to Dismiss [11] at Ex. A, at 3-4); *see LaCosta v. McCalla Raymer, LLC*, Civil Action No. 1:10-CV-1171-RWS, 2011 WL 166902, *3 (N.D. Ga. Jan. 18, 2011)(Story, J.). BAC, therefore, lawfully possessed plaintiff's security deed and the unequivocal authority to foreclose upon plaintiff's property that it contained. (*Contra* Am. Compl. [8] at ¶¶ 19-21.) To the extent that plaintiff claims that BAC must have a beneficial interest in plaintiff's loan to conduct foreclosure proceedings, *You* instructs otherwise. (*Id.*); *You*, 293 Ga. at 74. Thus, plaintiff's complaint fails to state a plausible claim for

10

wrongful foreclosure.

### C. Plaintiff's Allegations Pertaining To MERS's Status As Grantee-As-Nominee Fail To Plausibly State A Claim For Fraud Or Wrongful Foreclosure

Plaintiff makes a number of arguments regarding MERS's status under the security deed as grantee-as-nominee of America's Wholesale Lender, which she uses to support her count of wrongful foreclosure and first count of fraud. Plaintiff argues that because of its dual status, MERS is both an agent and principal, the security deed is ambiguous, and MERS materially misrepresented its role and authority with regards to the security deed--none of which the Court finds convincing. (Am. Compl. [8] at ¶¶ 6, 9-10, 29-44; Resp. [12] at 17-20.)

Most of plaintiff's arguments about MERS's grantee-as-nominee status are taken--in some instances verbatim--from *Culhane v. Aurora Loan Servs. of Neb.*, 826 F. Supp. 2d 352 (D. Mass. 2011). Other than the reasoning being dicta in that opinion, which, despite "giv[ing] the MERS system its most searching inquiry," ultimately granted summary judgment to the foreclosing entity, *Culhane* is not binding upon this Court. *Culhane*, 826 F. Supp. 2d at 378-79. Nor does it persuade that the Court should deviate from the numerous opinions of Georgia courts applying Georgia law that hold that MERS's status as grantee-as-nominee did not dispossess it of the authority to transfer loan documents or exercise the powers contained with them. *See,*

11

*e.g.*, *Morgan v. Ocwen Loan Serv., LLC*, 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011)(stating that the argument that a deed is void because MERS is named as the "grantee-as-nominee" is "unsupported by Georgia law.") and *Larose*, 321 Ga. App. at 467-68.  As a consequence, MERS's dual status does not save plaintiff's wrongful foreclosure claim.

MERS's status also does not support plaintiff's first fraud count.  There, plaintiff alleges that MERS inserted itself into the security deed, and despite "affirmatively represent[ing] to Plaintiff that it was contractually prohibited from and had no independent right to assign, foreclose, aid in foreclosing, or to do any act with respect to exercising any rights under Plaintiff's promissory note or security deed on its own", did indeed assign the note and security deed to BAC.  (Am. Compl. [8] at ¶¶ 31-35.)  Besides rehashing her failed status claim, plaintiff's allegations of fraud fail to state a claim for relief because they lack particularity.  FED. R. CIV. P. 9(b); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

The particularity requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'"  *Id.* (quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)).  Here plaintiff has not provided defendants with these details.  Rather,

12

she has simply pled conclusory allegations about the nature of the security deed and the days upon which it and the assignment contract were executed. Plaintiff has not provided anything that cannot be gleaned from the face of the contracts at issue, other than her allegation that MERS represented that "it was contractually prohibited" from foreclosing upon her property or assigning the security deed, which directly contradicts the language of the security deed. (Am. Compl. [8] at ¶ 33; Mot. to Dismiss [11] at Ex. A, at 3-4.) True, plaintiff need not prove her fraud claim in her pleading and the Court must read Rule 9(b) in conjunction with Rule 8, but even given these considerations plaintiff has not pled sufficient allegations to support her fraud claim. *See Hill v. Morehouse Med. Assocs., Inc.*, No. 02-14429, 2003 WL 22019936, *3 (11th Cir. 2003)(per curiam)(describing the pleading requirements for fraud).

Plaintiff's fraud claim fails for the additional reason that it is barred by the statute of limitations. If MERS did indeed make the representations that plaintiff alleges, she would have been made aware of the fraud on May 8, 2002 when she executed the security deed. This is so because MERS's alleged statements directly contradict the deed's language, as noted above. *Nash v. Ohio Nat'l Life Ins. Co.*, 266 Ga. App. 416, 417-18 (2004)(stating that the statute of limitations for a fraud claim is four years, which is

13

subject to equitable tolling).  Thus, plaintiff's complaint fails to state a claim for either wrongful foreclosure or fraud with regards to MERS's status as grantee-as-nominee and its representations about its role and authority under the security deed.

**D.   Plaintiff Fails To Sufficiently Allege A TILA Violation**

The final cause of action alleged in plaintiff's complaint is a TILA violation.  (Am. Compl. [8] at ¶¶ 57-63.)  Specifically, plaintiff claims that BAC violated 15 U.S.C. § 1641(g) and its implementing regulation, 12 C.F.R. § 262.39, by failing to provide her notice within thirty days of becoming a secured creditor, and that it could not legally conduct a foreclosure sale in Georgia as a result.  (*See id.* at ¶¶ 59-60 and Resp. [12] at 28-31); 15 U.S.C. § 1641(g)(2009)(requiring new owners or assignees of a debt to provide notice to the borrower within thirty days); 12 C.F.R. § 226.39 (2011)(establishing disclosure requirements).

Again, this claim is untimely.  The assignment of plaintiff's loan documents from MERS to BAC occurred on April 29, 2009, but § 1641(g) was not enacted until May 20, 2009.  Prevent Mortgage Foreclosures and Enhance Mortgage Credit Availability, Sec. 404, PL 111-22, 123 Stat. 1632 (May 20, 2009); Truth in Lending, 74 Fed. Reg. 60143-01 (Nov. 20, 2009)(codified at 12 C.F.R. pt. 226); (Am. Compl. [8] at ¶ 13; Resp. [12] at 3, 28; Mot. to Dismiss [11] at Ex. B).  Since § 1641(g) has no retroactive application, it does not impose

14

disclosure obligations upon BAC with respect to the assignment from MERS.  *See AT&T Corp. V. Hulteen*, 556 U.S. 701, 712-13 (2009)(describing presumption against retroactivity); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265-80 (1994)(same); *Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1208-09 n.6 (N.D. Cal. 2012); and *Angelini v. Bank of Am.*, Civil No. 11-3011-CL, 2011 WL 2433485, *5 (D. Or. Apr. 27, 2011)(Clarke, Mag. J.).  Thus, plaintiff has failed to plead a plausible claim for relief under TILA.  Accordingly, the Court **GRANTS IN PART** defendants' Motion to Dismiss [11] with respect to plaintiff's claims of wrongful foreclosure, fraud with respect to MERS, and a TILA violation.

  **E. Plaintiff's Second Allegations Of Fraud Are More Accurately Characterized As A Claim Of Promissory Estoppel, For Which Plaintiff Has Pled Sufficient Allegations**

  Plaintiff asserts a second count of fraud in her complaint, which is based upon the alleged misrepresentations of BAC.  (Am. Compl. [8] at ¶¶ 45-56.)  Plaintiff claims that BAC "guaranteed that Plaintiff's mortgage would be modified if she paid a lump sum of $17,000.00 on her account", that she made such a payment, but that BAC denied her modification and conducted foreclosure proceedings instead.  (*Id.* at ¶¶ 46-48.)  Further, plaintiff alleges that BAC knew that its statements regarding a loan modification were false, that it made them with the "intent and purpose of deceiving [her]", and that she reasonably relied upon those representations.  (*Id.* at

15

¶¶ 49-52.) Because BAC was an agent for defendants, plaintiff claims that they are liable for its conduct. (Am. Compl. [8] at ¶ 53.)

As stating a claim for fraud, plaintiff's second count fails for the same reason as does her first: she has not pled it with particularity. Plaintiff provides superficial details about the statements made by BAC and the months in which they were made, but more specificity is required when claiming fraud. (*Id.* at ¶¶ 46, 49-50.) Plaintiff has not provided who made the statements, what the content was, or the specific date upon which they were made.

However, plaintiff's allegations *do* plausibly state a claim of promissory estoppel. To establish a claim of promissory estoppel under Georgia law, plaintiff must show (1) that BAC made a promise; (2) that BAC should have expected plaintiff would rely upon that promise; (3) that plaintiff actually did rely upon that promise; (4) and that injustice can be avoided only by enforcement of the promise. O.C.G.A. § 13-3-44(a); *DPLM, Ltd. v. J.H. Harvey Co.*, 241 Ga. App. 219, 220-21 (1999). If the above allegations are true, they plausibly support a claim for promissory estoppel. *See Benjamin v. BAC Home Loans Serv., LP*, No. CV 211-101, 2012 WL 1067999, *5-6 (S.D. Ga. Mar. 29, 2012)(Wood, C.J.); *contra Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1117 (11th Cir. 2012)(affirming denial of promissory estoppel claim because plaintiff did not allege that Chase promised to permanently modify the loan).

16

Georgia law recognizes promissory estoppel as an exception to the statute of frauds, so defendants' argument on that point does not require plaintiff's claim be dismissed.  (*See, e.g.*, Br. in Support of Mot. to Dismiss [11] at 18); *Hemispherx Biopharma, Inc. v. Mid-S. Capital, Inc.*, 690 F.3d 1216, 1229-30 (11th Cir. 2012); *SKB Indus., Inc. v. Insite*, 250 Ga. App. 574, 577-78 (2001); *but see Johnson v. Univ. Health Servs., Inc.*, 161 F.3d 1334, 1340-41 (11th Cir. 1998)(reliance on unwritten promise not reasonable when it offered "a complex, multi-faceted aid package worth over $1 million").

### F.  **Plaintiff's Claims For Fees, Costs, And Punitive Damages Survive**

Because plaintiff has pled allegations sufficient to support a plausible claim for relief, her requests for attorneys' fees, costs, and punitive damages survive defendants' Motion to Dismiss.  (Am. Compl. [8] at 17, ¶ 54); *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 181 (2012).  Accordingly, the Court **DENIES IN PART** defendant's Motion to Dismiss [11] with respect to plaintiff's promissory estoppel claim and requests for attorneys' fees, costs, and punitive damages.

### CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss [11] is **GRANTED IN PART AND DENIED IN PART**.

17

SO ORDERED, this 28th day of March, 2014.


                                    /s/ Julie E. Carnes
                                    JULIE E. CARNES
                                    CHIEF UNITED STATES DISTRICT JUDGE